UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>                                  *Plaintiff*,<br><br>-against-<br><br>DIGITAL MEDIA SOLUTIONS, INC.,<br><br>                                  *Defendant*. | 1:22-cv-293<br><br>**COMPLAINT** |

**INTRODUCTION**

1. This action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA").

2. Plaintiff, Todd C. Bank ("Bank"), brings this action individually and as a class action on behalf of all persons to whose cellular telephone number, during the period beginning four years prior to the commencement of this action until the date of such commencement, one or more text messages, described below, were placed (the "Class").

3. Bank seeks, individually and on behalf of the other members of the Class (the "Class Members"), statutory damages, injunctive relief, and costs.

4. Numerous complaints have been made to the Better Business Bureau against Defendant, Digital Media Solutions, Inc. ("DMS"), for the same conduct of which Bank complains here.

**PARTIES**

5. Bank is a natural person who resides, and has resided at all relevant times, in the Eastern District of New York.

6. DMS is a corporation organized and existing under the laws of Delaware, and has a principal place of business at 4800 140th Avenue North, Suite 101, Clearwater, Florida  33762.

## APPLICABLE LAW

7. The TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii) (the "Cell-Phone Provision").

8. A text message is a "call" within the meaning of the Cell-Phone Provision. *See Melito v. Experian Mtkg. Sols., Inc.*, 923 F.3d 85, 88-89 (2d Cir. 2019); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952-954 (9th Cir. 2009).

9. Persons to whose telephone line a call is made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to enjoin such violations and to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b)(1), the court may increase the award by up to $1,000 per violation. *See id.*

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. Section 1331.

11. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## FACTS

12. On November 26, 2021, Bank received, on a cellular telephone line to which he is the named subscriber ("Bank's Cell Phone"), the following text message (a copy of this text message and the four additional text messages described below (collectively, "Bank's Text Messages"), is annexed as Exhibit "A" hereto):

> New Auto Insurance Company offers $28/mo to people in your Zip Code! Plus 1-2 months of no payments.
>
> http://lowest-rates-4-u.club/319442887

13. On November 26, 2021, Bank received, on Bank's Cell Phone, the following text message:

> Looks like we found another Auto Insurance Option for you
>
> http://getstartedhere.xyz
>
> We also just emailed you more info

14. On November 26, 2021, Bank received, on Bank's Cell Phone, the following text message:

> We matched you with an auto insurance company, call the number below to speak with a rep.
>
> 1-866-414-0893

15. On November 26, 2021, Bank received, on Bank's Cell Phone, the following text message:

> Looks like if you Raised your Score, your Insurance Rates could be lower Raise them for FREE
>
> http://get-started.xyz

16. On November 27, 2021, Bank received, on Bank's Cell Phone, the following text message:

> New Auto Insurance Company offers $28/mo to people in your Zip Code! Plus 1-2 months of no payments.
>
> http://lowest-rates-4-u.club/326603968

a copy of which is annexed as Exhibit "A" hereto) from SMS Short Code 46758:

17. Each of Bank's Text Messages was sent from Multimedia Messaging Service ("MMS") Code 46758.

18. At all relevant times, DMS owned and operated each of the websites that were displayed in Bank's Text Messages.

19. At all relevant times, DMS owned and operated MMS Code 46758.

20. When Bank accessed the hyperlinks contained in four of Bank's Text Messages, a webpage of https://quotes.insursimply.com appeared.

21. At all relevant times, DMS owned and operated https://quotes.insursimply.com.

22. At all relevant times, DMS owned and operated the telephone number 866-414-0893.

23. DMS sent Bank's Text Messages by using equipment that had the capacity to use a random or sequential number generator to store and/or produce telephone numbers to be called.

24. Bank's Text Messages were sent without the prior express written consent of any person who had had the legal right to provide such consent.

25. Bank's Text Messages included and introduced an "advertisement" as defined in 47 C.F.R. § 64.1200(f)(1).

26. Bank's Text Messages constituted "telemarketing" as defined in 47 C.F.R. § 64.1200(f)(12).

27. Prior to commencing, and in connection with, the instant lawsuit, Bank provided Bank's Cell Phone to DMS's in-house counsel.

28. In addition to Bank's Text Messages, thousands of identical or materially similar text messages were sent to other cellular telephone numbers without the prior express written consent of any person who had had the legal right to provide such consent.

29. Bank's Text Messages and the additional text messages described in the preceding paragraph (collectively, the "Class Text Messages") disturbed the peace, solitude, and tranquility of Bank and the other recipients.

30. The Class Text Messages annoyed and frustrated Bank and the other recipients.

31. The Class Text Messages to Bank and the other recipients were a nuisance.

## CAUSE OF ACTION

32. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "31" inclusive of this Complaint as if fully set forth herein.

33. The placement of the Class Text Messages violated 47 U.S.C. Section 227(b)(1)(a)(iii).

34. Bank and the other Class Members are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining DMS from violating 47 U.S.C. Section 227(b)(1)(a)(iii).

35. Bank and Class Members are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(1)(a)(iii).

36. In the event that DMS willfully or knowingly violated 47 U.S.C. Section 227(b)(1)(a)(iii)), Bank and the other Class Members are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

## CLASS ALLEGATIONS

37. Bank brings this action individually, and as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the other Class Members.

38. Bank believes that there are thousands of persons whose claims are similar to Bank's individual claims, and, furthermore, that Bank's individual claims are typical of the claims of the other Class Members.

39. Bank will fairly and adequately protect the interests of the other Class Members. Bank has no interests that are antagonistic to, or in conflict with, the other Class Members. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

40. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all of the Class Members is impracticable, and because the damages suffered by most of the individual Class Members

are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Class Members to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

41. Common questions of law and fact predominate over questions that affect only individual Class Members. Among those questions are:

(i) whether DMS placed text messages to cellular telephone numbers;

(ii) whether DMS violated Section 227(b)(1)(a)(iii) of the TCPA;

(iii) whether the Class Members are entitled to injunctive relief as a result of DMS's violations of Section 227(b)(1)(a)(iii) of the TCPA;

(iv) whether DMS willfully or knowingly violated Section 227(b)(1)(a)(iii) of the TCPA; and

(v) whether the Class Members are entitled to damages as a result of DMS's violations of Section 227(b)(1)(a)(iii) of the TCPA, and, if so, how much.

**[continued on next page]**

**PRAYER FOR RELIEF**

      **WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a)      Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendant from violating 47 U.S.C. Section 227(b)(1)(a)(iii);

(b)      Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1)(a)(iii) for Plaintiff and the other Class Members;

(c)      Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Class Members, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendant knowingly or willfully violated 47 U.S.C. Section 227(b)(1)(a)(iii); and

(d)      An award, to Plaintiff and the other Class Members, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: January 18, 2022

                                                                      Respectfully submitted,

                                                                      *s/ Todd C. Bank*
                                                                 TODD C. BANK,
                                                                  ATTORNEY AT LAW, P.C.
                                                                 119-40 Union Turnpike
                                                                 Fourth Floor
                                                                 Kew Gardens, New York 11415
                                                                (718) 520-7125
                                                                By Todd C. Bank

                                                               *Counsel to Plaintiff*

46758

Text Message
Fri, Nov 26, 2:32 PM

New Auto Insurance Company offers $28/mo to people in your Zip Code! Plus 1-2 months of no payments!

http://lowest-rates-4-u.club/319442887

Fri, Nov 26, 4:43 PM

Looks like we found another Auto Insurance Option for you

http://getstartedhere.xyz

We also just emailed you more info

We matched you with an auto insurance company, call the number below to speak with a rep.

1-866-414-0893

Looks like if you Raised your Score, your Insurance Rates could be lower. Raise them for FREE

http://get-started.xyz

Sat, Nov 27, 10:08 AM

New Auto Insurance Company offers $28/mo to people in your Zip Code! Plus 1-2 months of no payments!

http://lowest-rates-4-u.club/326603968