```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 TODD C. BANK,

                  Plaintiff,             MEMORANDUM & ORDER
                                         22-CV-293(EK)(LB)

        -against-

 DIGITAL MEDIA SOLUTIONS, Inc.,

                  Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Todd Bank, a New York-licensed attorney proceeding *pro se*,[1] brings this suit – a putative class action – against Digital Media Solutions, Inc. ("DMS"), alleging a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  Bank claims that DMS violated the TCPA by sending five unsolicited text messages to his cell phone in November 2021 using an automatic telephone dialing system ("ATDS").  DMS now moves to dismiss Bank's claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, I deny DMS's motion.

---

[1] Mr. Bank is an attorney whose bar registration is active in New York State.  *See* Attorney Online Services – Search, New York State Unified Court System, https://iapps.courts.state.ny.us/attorneyservices/search, last accessed Feb. 3, 2023.  Licensed attorneys "cannot claim the special consideration which the courts customarily grant to pro se parties." *Harbulak v. County of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981).

## I. Background

### A. The Telephone Consumer Protection Act

The TCPA defines an automatic telephone dialing system as equipment that has the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator," and "to dial such numbers." 47 U.S.C. § 227(a)(1)(A), (B). The Supreme Court recently held that "a necessary feature of an [ATDS] is the capacity to use a random or sequential number generator to either store or produce phone numbers to be called." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021).[2] In other words, the capacity to store and dial phone numbers, without the use of a random or sequential number generator, is insufficient to qualify a device as an ATDS. *Id.* at 1167. The TCPA forbids any person "to make any call" using an ATDS. 47 U.S.C. § 227(b)(1)(A)(iii). "A text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA]." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

### B. Bank's Allegations

The following facts are taken from the complaint and assumed to be true for purposes of this motion. Between November 26 and November 27, 2021, Mr. Bank received five text

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits citations and internal quotation marks.

messages on his cell phone from a multimedia messaging service ("MMS") code: 46758.  Compl. ¶¶ 12-17, ECF No. 1.  Bank alleges that "[a]t all relevant times, DMS owned and operated MMS Code 46758."  *Id.* at. ¶ 19.  Further, he alleges that four of the five text messages contained links to a website that DMS owned and operated, *id.* ¶¶ 20-21, while the fifth message instructed him to call a phone number that DMS also owned and operated.  *Id.* ¶¶ 14, 22.  The text messages contain the following content:

1. "New Auto Insurance Company offers $28/mo to people in your Zip Code!  Plus 1-2 months of no payments.  [Link.]"  *Id.* ¶ 12.

2. "Looks like we found another Auto Insurance Option for you[.]  [Link.]  We also just emailed you more info[.]"  *Id.* ¶ 13.

3. "We matched you with an auto insurance company, call the number below to speak with a rep.  1-866-414-0893[.]"  *Id.* ¶ 14.

4. "Looks like if you Raised your Score, your Insurance Rates could be lower[.]  Raise them for FREE[.]  [Link.]"  *Id.* ¶ 15.

5. "New Auto Insurance Company offers $28/mo to people in your Zip Code!  Plus 1-2 months of no payments.  [Link.]"  *Id.* ¶ 16.

Bank alleges that DMS sent these text messages "using equipment that had the capacity to use a random or sequential number

generator to store and/or produce telephone numbers to be called." *Id.* ¶ 24.

## II. Discussion

On a motion to dismiss under Rule 12(b)(6), "the court's task is to assess the legal feasibility of the complaint." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). In doing so, the court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The TCPA "creates a private right of action, providing for statutory damages in the amount of $500 for each violation as well as injunctive relief against future violations." *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharms., Inc.*, 847 F.3d 92, 94-95 (2d Cir. 2017) (citing 47 U.S.C. § 227(b)(3)). To state a claim under the TCPA, a plaintiff must allege – as relevant here – that: (1) he received a call or text

4

message on his cell phone, (2) by the use of an ATDS, (3) without his "prior express consent." 47 U.S.C. § 227(b)(1).

The Second Circuit has written that because "the TCPA is a remedial statute," courts should "not place a heavy pleading burden on potential plaintiffs." *Gorss Motels*, 997 F.3d at 478 n.6. Further, given "the difficulty of pleading facts regarding the technology used to make a call or send a text message absent discovery," courts have held that "alleged violations of the TCPA need not be pled with particularity." *E.g.*, *Krady v. Eleven Salon Spa*, No. 16-CV-5999, 2017 WL 6541443, at *3 (E.D.N.Y. July 28, 2017); *McCabe v. Caribbean Cruise Line, Inc.*, No. 13-CV-6131, 2014 WL 3014874, at *4 (E.D.N.Y. July 3, 2014). Nevertheless, "a plaintiff must do more than simply allege that an [ATDS] was used." *Schleifer v. Lexus of Manhattan*, No. 17-CV-8789, 2019 WL 4640055, at *6 (S.D.N.Y. Sept. 24, 2019). He must "allege facts that would allow for a reasonable inference that an ATDS was used; such facts include evidence that text messages were sent from a 'short code' phone number, generic, impersonal content, and the

volume or timing of the calls or messages." *Krady*, 2017 WL 6541443, at *4.[3]

Mr. Bank has plausibly alleged that DMS violated the TCPA by sending him unsolicited texts via an ATDS. Another case in this district in which Bank alleged a similar violation against a different defendant is persuasive here. *See Bank v. Simple Health Plans LLC*, No. 18-CV-6457, 2019 WL 7878570 (E.D.N.Y. Dec. 12, 2019), *report and recommendation adopted*, 2020 WL 606619 (E.D.N.Y Feb. 7, 2020). There, the court observed that "Plaintiff's Complaint contains essentially two allegations suggesting that the text was sent to him using an ATDS: a recitation of the definition in the TCPA . . . and a copy of the text message itself." *Id.* at *5. Bank's complaint here contains the same basic elements. *See* Compl. ¶¶ 12-16, 23. In *Simple Health Plans*, the court held that the single text message at issue contained sufficient indicia of the use of an ATDS for Bank to survive a motion to dismiss. 2019 WL 7878570, at *6 (indicia included generic and impersonal content and typography characteristic of spam).

The five text messages that Bank challenges here likewise give rise to a reasonable inference that DMS used an ATDS to contact him. For one, the five text messages were all

---

[3] It is this Court's general practice to use pronouns corresponding to the gender of the party in question. Here, the relevant party is Mr. Bank.

sent from the same "short code" phone number owned by DMS. Compl. ¶¶ 17, 19. Further, four of the text messages included links to websites owned by DMS, *id.* ¶¶ 20-21, while the fifth message instructed Mr. Bank to dial a phone number owned by DMS. *Id.* ¶¶ 14, 22. Finally, the content of the messages is generic, impersonal, and sales-oriented. Together, these facts afford Bank's claim adequate support to survive a motion to dismiss.

DMS's arguments to the contrary are unavailing. First, DMS contends that Bank's complaint fails to abide by the Supreme Court's *Duguid* holding because it does not sufficiently allege that the technology DMS used had the "capacity to use a random or sequential number generator to either store or produce phone numbers to be called." *Duguid*, 141 S. Ct. at 1173. But Bank alleges precisely that. *See* Compl. ¶ 23 ("DMS sent Bank's Text Messages by using equipment that had the capacity to use a random or sequential number generator to store and/or produce telephone numbers to be called."). As explained above, the context and content of the text messages provide adequate support for this allegation. And while *Duguid* increases the burden on plaintiffs to prove a TCPA claim, "some courts have [consequently] held that determining whether a defendant used an ATDS is more appropriately determined on a summary judgment motion than a motion to dismiss." *Swartz v. JPMorgan Chase Bank, N.A.*, No. 21-CV-01064, 2022 WL 987883, at *3 (M.D. Pa.

7

Mar. 31, 2022) (collecting cases). "Without the benefit of discovery, it would be extremely unlikely that [the plaintiff] could gain knowledge of the specific type of telephone technology [the defendant] employed." *Id.* at *4. DMS thus overstates the support that *Duguid* offers for its motion.

Second, DMS argues that the existence of a plausible alternative theory shows that Bank's claim is inadequately pleaded. At oral argument, DMS suggested that Bank could have received the text messages not because DMS used an ATDS but because a previous owner of Bank's cell phone number had consensually provided the number to DMS.[4] Notwithstanding the merits of this alternative theory, it fails to defeat Bank's claim at the pleading stage. Bank needs only to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. This standard is "not akin to a probability requirement," nor does it require Bank to rule out all plausible alternatives. *Lynch*, 952 F.3d at 75. "The choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion." *Id.* Because I find that Bank's complaint states a plausible claim under the TCPA, it must survive the instant motion to dismiss.

---

[4] Defense counsel stated that this fact pattern occurred in another TCPA case that Mr. Bank filed in this District, but counsel did not identify that case.

8

## III. Conclusion

For the foregoing reasons, DMS's motion to dismiss is denied.[5]

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    February 3, 2023
          Brooklyn, New York

---

[5] Mr. Bank has filed a motion requesting that this Court issue an order to show cause why defense counsel should not be sanctioned for allegedly "trying to mislead the Court" in DMS's reply brief. Pl.'s Mot. for Sanctions 1, ECF No. 15. Bank purports to bring this motion pursuant to Federal Rule of Civil Procedure 11(c)(3), *id.*, but the motion is improper. First, Rule 11(c)(3) provides that a district court, "[o]n its own," may issue an order to show cause. Fed. R. Civ. P. 11(c)(3). Bank thus cannot invoke that subsection. Further, even if Bank had brought his motion under Rule 11(c)(2), which permits a party to move for sanctions, he failed to comply with two essential procedural requirements: service (i) of a formal motion on the target of the proposed sanctions (ii) at least twenty-one days prior to filing the motion. *See* Fed. R. Civ. P. 11(c)(2); *Castro v. Mitchell*, 727 F. Supp. 2d 302, 307-308 (S.D.N.Y. 2010). Bank filed an informal letter motion and provided no notice to defense counsel. The motion is denied.