UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TODD C. BANK**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DIGITAL MEDIA SOLUTIONS, INC.,**<br><br>Defendant. | Civil Action No. 1:22-cv-293<br><br><br><br>**ANSWER** |

Defendant, Digital Media Solutions, Inc., hereby answers the Complaint filed by Todd Bank ("Plaintiff") as follows:

## INTRODUCTION

1. Defendant admits that Plaintiff has asserted claims purported to arise from the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") but denies that Plaintiff is entitled to any relief thereunder.

2. Defendant admits that Plaintiff brings this action individually and purports to bring it as a class action, but expressly denies that a class can appropriately be certified in this matter.

3. Defendant admits that Plaintiff purports to seek statutory damages, injunctive relief, and costs on an individual and class basis, but denies that either Plaintiff or any putative class member is entitled to such relief.

4. Defendant denies the allegations in this paragraph.

## PARTIES

5. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

6. Defendant admits the allegations in this paragraph.

## APPLICABLE LAW

7. The allegations in this paragraph are not factual statements, but legal conclusions or summaries, to which no response is required.

8. The allegations in this paragraph are not factual statements, but legal conclusions or summaries, to which no response is required.

9. The allegations in this paragraph are not factual statements, but legal conclusions or summaries, to which no response is required.

## JURISDICTION AND VENUE

10. Defendant admits the allegations in this paragraph.

11. Defendant admits the allegations in this paragraph.

## FACTS

12. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies the same.

13. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies the same.

14. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies the same.

15. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies the same.

16. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies the same.

17. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies the same.

18. Defendant is unable to respond to the allegations in this paragraph as plead as the allegations of paragraph 13 through 16 do not indicate that any websites were displayed.  To the extent that a response is required, Defendant denies the same.

19. Defendant denies the allegations in this paragraph.

20. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies the same.

21. Defendant admits the allegations in this paragraph.

22. Defendant denies the allegations in this paragraph.

23. Defendant denies the allegations in this paragraph.

24. Defendant denies the allegations in this paragraph.

25. The allegations in this paragraph are not factual statements, but legal conclusions or summaries, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in this paragraph.

26. The allegations in this paragraph are not factual statements, but legal conclusions or summaries, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in this paragraph.

27. Defendant admits that prior to filing the complaint Plaintiff provided Defendant with a phone number in connection with the instant claim.

28. Defendant denies the allegations in this paragraph.

29. Defendant denies the allegations in this paragraph.

30. Defendant denies the allegations in this paragraph.

31. Defendant denies the allegations in this paragraph.

## CAUSE OF ACTION

32. Defendant incorporates by reference its responses to each individual paragraph of the Complaint as if set forth herein.

33. Defendant denies the allegations in this paragraph.

34. Defendant denies the allegations in this paragraph.

35. Defendant denies the allegations in this paragraph.

36. Defendant denies the allegations in this paragraph.

## CLASS ALLEGATIONS

37. Defendant admits that Plaintiff purports to bring this action individually and as a class action, but expressly denies that a class can be appropriately certified in accordance with Fed. R. Civ. P. 23.

38. Defendant denies the allegations in this paragraph.

39. Defendant denies the allegations in this paragraph.

40. Defendant denies the allegations in this paragraph.

41. Defendant denies the allegations in this paragraph, including all subparagraphs thereof.

Answering the "PRAYER FOR RELIEF" beginning with "WHEREFORE," including the subparts thereof, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1. Prior express consent, as well as prior express written consent, was obtained for the purpose of containing the phone number at which Plaintiff alleges to have received the subject text

4

message and therefore, Plaintiff's claims must fail. To the extent that putative class members provided such consent, their claims also fail.

## SECOND AFFIRMATIVE DEFNESE

2. The Complaint fails to state a claim upon which relief may be granted.

## OTHER DEFENSES

## FIRST DEFENSE

1. Plaintiff and/or the putative class members lack standing to bring the claims purportedly being asserted.

## SECOND DEFENSE

2. Plaintiff and/or the putative class members have not suffered concrete and particularized injuries.

## THIRD DEFENSE

3. Plaintiff has failed to plead an ascertainable class.

## FOURTH DEFNESE

4. Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure. Among other things, Defendants expressly deny that the identities of the putative class members are ascertainable/determinable, that there are common questions of law and fact, that such questions predominate over individual issues, that Plaintiff's claims are typical, that the individualized issues raised by Plaintiff's claims can be adjudicated on a class-wide basis, that Plaintiff is an adequate class representative, or that a class action is superior to other methods for fairly and efficiently adjudicating the controversy.

## FIFTH DEFENSE

5.       Plaintiff, *pro se*, cannot simultaneously serve as class representative and class counsel.

## SIXTH DEFENSE

6.       Plaintiff has failed to plead a class that meets the substantive requirements of Fed. R. Civ. P. 23(b).

## SEVENTH DEFENSE

7.       Defendants have complied with all applicable statutes and regulations, thereby barring any and all of Plaintiff's claims.

## EIGHTH DEFENSE

8.       An automatic telephone dialing system, as that term is defined by 47 U.S.C. § 227 and clarified in *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021), was not employed to send any of the subject text messages.

**WHEREFORE,** Defendant seeks judgment against Plaintiff:

(a) Denying all relief sought by Plaintiff and dismissing the Complaint in its entirety, with prejudice;

(b) Awarding Defendant its attorneys' fees and costs incurred herein to the maximum extent allowed by law; and

(c) Granting Defendant such other and further relief as this Court deems just and proper.

Dated: New York, NY
February 17, 2023

KLEIN MOYNIHAN TURCO LLP
*Attorneys for Defendant*

*/s/ Neil E. Asnen*
Neil E. Asnen (NA 1863)
450 Seventh Avenue – 40th Floor
New York, NY 10123
212.246.0900
nasnen@kleinmoynihan.com